# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| OLAUDAH MCKENZIE,<br><br>  Plaintiff,<br><br>  v.<br><br>SHERIFF LYNN M. ANDERSON; CAPTAIN JOHN STATEN; LT. OGLESBY; NURSE JANE DOE; DR. POPE; and TRANSFORM HEALTH CARE RX,<br><br>  Defendants. | CIVIL ACTION NO.: 6:17-cv-83 |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently housed at the Federal Correctional Institution in Pollock, Louisiana, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain events that occurred while he was housed at the Bulloch County Jail in Statesboro, Georgia. (Doc. 1.) For the reasons set forth below, I **RECOMMEND** that the Court **DISMISS** Plaintiff's claims for monetary damages against Defendant Staten in his official capacity and all claims against Defendants Anderson, Oglesby, and Transform Health Care Rx. Additionally, the Court should **DENY** Plaintiff leave to appeal *in forma pauperis* as to his claims against Defendants Anderson, Oglesby, and Transform Health Care Rx. However, Plaintiff's allegations arguably state colorable claims for relief against Defendants Staten, Pope, and Nurse Jane Doe. Accordingly, the Court **DIRECTS** the United States Marshal to serve these Defendants with a copy of Plaintiff's Complaint and supporting Brief, (docs. 1, 2), and this Order.

## PLAINTIFF'S ALLEGATIONS[1]

On June 12 and 13, 2015, Plaintiff was attacked by four other inmates at the Bulloch County Jail. (Doc. 2, p. 3.) As a result of this attack, Plaintiff suffered severe injuries to his "ribs, head, face, and to his left eye[,]" and was taken to the emergency room at Statesboro Regional Hospital. (Id. at p. 4.) After treatment, the emergency room doctors determined that Plaintiff "required emergency corrective surgery to his left eye . . . ." (Id.) However, Plaintiff did not receive this corrective surgery until October 2015. (Id. at p. 5.) Due to the delay, Plaintiff "had to get his orbit re-broken when he receive[d] surgery" and ultimately "lost the mobility in his left eye and is suffering from drainage from that eye," continued pain, and loss of vision. (Id.)

Plaintiff claims that Defendants Doe and Pope contributed to this delay by refusing to order surgery despite the hospital's recommendation and exacerbated his condition by providing inadequate treatment during the four-month delay. (Id. at pp. 7–9.) Plaintiff also contends that Defendant Staten contributed to the delay by withholding permission for the corrective surgery. (Id. at p. 9.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be

---

[1] The below-recited facts are taken from Plaintiff's Complaint and supporting Brief and are accepted as true, as they must be at this stage.

granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and

3

dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . .") (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Dismissal of Supervisory Liability Claims Against Defendant Anderson

Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of *respondeat superior*. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the

supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

It appears that Plaintiff is only seeking to hold Defendant Anderson liable due to his position as Sheriff of the Bulloch County Sheriff's Department. Plaintiff fails to make any factual allegations that Defendant Anderson directly participated in or was otherwise causally connected to the alleged deprivation of his constitutional rights. Instead, Plaintiff only provides conclusory assertions that Defendant Anderson "abused [his] authority by depriving Plaintiff the proper medical treatment." (Doc. 2, p. 9.) As set forth above, such conclusory allegations are an insufficient basis for Section 1983 liability. Thus, the Court should **DISMISS** Plaintiff's claims against Defendant Anderson.

## II. Dismissal of Claims against Defendant Transform Health Care Rx

Plaintiff also names Transform Health Care Rx ("Transform Health") as a Defendant, apparently due to its role as employer of several other named Defendants. Though Transform Health is a private entity, prison contractors are considered state actors. Therefore, Transform Health is subject to suit under Section 1983. See Farrow v. West, 320 F.3d 1235, 1239 n.3 (11th Cir. 2003); see also Ancata v. Prison Health Servs., 769 F.3d 700, 703 (11th Cir. 1985). However, as established above, supervisors, employers, and private contractors cannot be sued under Section 1983 simply on a theory of *respondeat superior*. Howell v. Evans, 922 F.2d 712, 724 (11th Cir. 1991), *vacated pursuant to settlement*, 931 F.2d 711 (11th Cir. 1991), *reinstated by unpublished order* (June 24, 1991) (determining plaintiff needed to establish more than *respondeat superior* to hold contracting medical services provider liable). "Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, violated the Constitution." Rosa v. Fla.

Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted).

Therefore, to hold an employer such as Transform Health liable, Plaintiff must demonstrate that either: (1) Transform Health actually participated in the alleged constitutional violation; or (2) there is a causal connection between the actions of Transform Health and the alleged constitutional violation. See Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff does not allege that Defendant Transform Health actually participated in any purported constitutional violation. Similarly, Plaintiff fails to allege a causal connection between Defendant Transform Health and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (per curiam) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). Plaintiff does not allege that Transform Health implemented an improper custom or policy, directed its subordinates to act unlawfully, or knew they would act unlawfully and failed to stop them from doing so. Instead, Plaintiff simply states that Transform Health employed Defendants Pope and Doe and that four months later, he received surgery from another health care provider. (Doc. 2, p. 4.) Thus, Plaintiff has failed to allege any facts that would result in liability for Defendant Transform Health, and the Court should **DISMISS** Plaintiff's claims against Defendant Transform Health.

### III. Claims for Monetary Damages Against Defendant Staten in His Official Capacity

The Eleventh Amendment bars Plaintiff's claims against Defendants in their official capacities. Traditional principles of state sovereignty and the Eleventh Amendment immunize states from private suits, and Section 1983 does not abrogate that immunity without the state's consent. Alden v. Maine, 527 U.S. 706, 712–13 (1999), Will v. Mich. Dep't of State Police, 491

U.S. 58, 67 (1989). Because a lawsuit against a state officer in his official capacity is "no different from a suit against the [s]tate itself," immunity also extends to the state officer. Id. at 71. Furthermore, it is well-settled law that sheriffs and members of the sheriff department acting in a law enforcement capacity are acting on behalf of the state. See Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003); Grech v. Clayton Cty., 335 F.3d 1326, 1347 (11th Cir. 2003) ("[T]he sheriff acts on behalf of the State in his function as a law enforcement officer . . ."). As this Court has recognized:

> Since Manders was decided in 2003, the relevant Georgia law remains essentially unchanged. Indeed, it is now 'insurmountable' that Georgia sheriffs act as arms of the state–not as county officials . . . . In sum, Manders and its progeny dictate that where a sheriff and his deputies are performing their official and authorized duties as state actors . . . they are entitled to Eleventh Amendment immunity from a § 1983 claim for money damages or other retrospective relief brought against them in their official capacities.

Frederick v. Brown, No. CV 113–176, 2015 WL 4756765, at *14 (S.D. Ga. Aug. 10, 2015) (internal citations omitted) (citing Manders, 338 F.3d at 132; Grech, 335 F.3d at 1332–40; Hall v. Fries, No. 7:13-CV-105 HL, 2014 WL 1389063, at *4–5 (M.D. Ga. Apr. 9, 2014); Scott v. Mercier, No. 5:06-CV-33, 2007 WL 2728440 (S.D. Ga. Sept. 14, 2007); and Lewis v. Wilcox, No. 3:06-cv-29, 2007 WL 3102189, at *8 (M.D. Ga. Oct. 23, 2007)).

In this case, the State of Georgia would be the real party in interest in a suit against Defendant Staten in his official capacity as an employee of the Sheriff's Department operating the Bulloch County Jail. Absent a waiver of Eleventh Amendment immunity by Georgia, Plaintiff cannot sustain any monetary relief claims against Defendant Staten in his official capacity.

## IV. Deliberate Indifference to Medical Needs

As a pre-trial detainee at Bulloch County Jail, Plaintiff's deliberate indifference claim is evaluated under the Fourteenth Amendment. However, the Eleventh Circuit Court of Appeals has "historically treated convicted prisoners' Eighth Amendment claims and pretrial detainees' Fourteenth Amendment claims identically." White v. Cochran, 2017 WL 6492004, at * 2 (11th Cir. Nov. 27, 2017).[2] Thus, a deliberate indifference to medical needs claim requires analysis of the Eighth Amendment proscription against cruel and unusual punishment. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). The standard for cruel and unusual punishment in the medical care context, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer, 511 U.S. at 828. However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

Thus, in order to prove a deliberate indifference to medical care claim, similar to any other deliberate indifference claim, a prisoner must: 1) "satisfy the objective component by showing that [he] had a serious medical need"; 2) "satisfy the subjective component by showing

---

[2] In Kingsley v. Hendrickson, the Supreme Court found the "language of the [Eighth Amendment's Cruel and Unusual Punishment Clause and the Fourteenth Amendment's Due Process Clause] differs, and the nature of the claims often differs." ___ U.S. ___, 135 S. Ct. 2466, 2475 (June 22, 2015) (adopting a different test to evaluate pre-trial detainee's excessive-force claims than the test used to evaluate convicted prisoners' excessive-force claims). However, the Eleventh Circuit recently stated that "Kingsley is not squarely on point with and does not actually abrogate or directly conflict with precedent outside of the context of an excessive-force claim." White, 2017 WL 6492004, at *2 n.1 (citing Dang ex rel. Dang v. Sheriff, Seminole Cty., 871 F.3d 1272, 1279 n.2 (11th Cir. 2017) (quotations omitted).

that the prison official acted with deliberate indifference to [his] serious medical need"; and 3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007). As to the first component, a medical need is serious if it "'has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187). Under the second, subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Thus, the subjective component requires an inmate to prove: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Melton v. Abston, 841 F.3d 1207, 1223 (11th Cir. 2016).[3]

"Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011). Additionally, a defendant who "delays necessary treatment for non-medical reasons" or "knowingly interfere[s] with a physician's prescribed course of treatment" may exhibit deliberate indifference. Id. (citations omitted).

In instances where a deliberate indifference claim turns on a delay in treatment rather than the type of medical care received, the Court considers "the reason for the delay and the

---

[3] Eleventh Circuit case law on whether a claim of deliberate indifference requires "more than *gross* negligence" or "more than *mere* negligence" is contradictory. Compare Goebert v. Lee Cty., 510 F.3d 1312, 1327 (11th Cir. 2007), with Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011). In Melton v. Abston, 841 F.3d 1207, 1223 (11th Cir. 2016), the Eleventh Circuit found "more than mere negligence" to be the appropriate standard. 841 F.3d at 1223 n.2. Even so, at least two Eleventh Circuit appendix cases post-Melton have continued to use the "gross negligence" standard. See, e.g., Woodyard v. Ala. Dep't of Corr., 2017 WL 2829376 (11th Cir. June 30, 2017); Sifford v. Ford, 2017 WL 2874517 (11th Cir. July 6, 2017). However, because the Eleventh Circuit explicitly addressed this issue in the Melton case, this Court will apply the "more than mere negligence" standard.

9

nature of the medical need." Farrow v. West, 320 F.3d 1235, 1246 (11th Cir. 2003) (citing McElligott, 182 F.3d at 1255). When a claim turns on the quality of treatment provided, however, "'a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment' does not support a claim of deliberate indifference." Melton, 841 F.3d at 1224 (quoting Harris, 941 F.2d at 1505). In other words, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 104 (1976). Furthermore, deliberate indifference is not established when an inmate receives medical care, but "may have desired different modes of treatment." Hamm v. DeKalb Cty., 774 F.2d 1567, 1575 (11th Cir. 1985).

### A. Defendant Oglesby

Plaintiff fails to allege any facts to support his claim that Defendant Oglesby was deliberately indifferent to his medical needs. Plaintiff simply states that Defendant Oglesby was "present during my visit to the infirmary at Bulloch County Jail" and told him that he would not get surgery. (Doc. 2, p. 5.) However, Plaintiff fails to allege whether Defendant Oglesby knew he needed urgent corrective surgery or whether Defendant Oglesby was simply relying on statements from Bulloch County medical personnel. Additionally, Plaintiff fails to allege whether Defendant Oglesby had any authority to approve or deny Plaintiff's corrective eye surgery. See Baker v. Pavlakovic, No. 4:12-CV-03958-RDP, 2015 WL 4756295, at *7 (N.D. Ala. Aug. 11, 2015) (citing Williams v. Limestone Cty., 198 F. App'x 893, 897 (11th Cir. 2006)) ("A medical treatment claim will not lie against non-medical personnel unless they were personally involved in the denial of treatment or deliberately interfered with prison doctors' treatment. Prison officials are entitled to rely on the opinions, judgment and expertise of a prison

medical staff to determine a medically necessary and appropriate cause of treatment for an inmate.").

Accordingly, the Court should **DISMISS** Plaintiff's claims against Defendant Oglesby.

### B. Defendants Pope and Nurse Jane Doe

Plaintiff alleges that Defendants Pope and Doe refused to schedule him for corrective eye surgery, even after staff at the Statesboro Regional Hospital prescribed him "emergency corrective surgery to his left eye." (Doc. 2, pp. 4, 6, 10.) Plaintiff also claims that Defendant Doe refused to stock and provide medications already prescribed to him by the Bulloch County Jail doctors. (Id. at pp. 7–8.) At a minimum, these facts indicate that these Defendants "knowingly interfere[d] with a physician's prescribed course of treatment." Bingham, 654 F.3d at 1176.

Thus, at this stage, Plaintiff alleges sufficient facts to support a claim for deliberate indifference to medical needs as to Defendants Pope and Doe.[4]

### C. Defendant Staten

Plaintiff claims that, despite the Statesboro Regional Hospital's recommendation for emergency surgery, "when requested[,] Defendant Staten refuse[d] to give permission for Plaintiff to receive the corrective surgery in time . . . ." (Doc. 2, p. 9.) Although it is not clear

---

[4] Fictitious party pleading is not proper in federal court. Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010). However, a limited exception exists "when the [p]laintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" Id. (citing Dean v. Barber, 951 F.2d 1210, 1215–16 (11th Cir. 1992)). In this case, Plaintiff provides sufficient details as to the identity of Defendant Nurse Jane Doe. However, the Court **DIRECTS** Plaintiff to amend his Complaint to include the identity of Defendant Doe **no later than fifty-five (55) days** after the date that the last Defendant serves Plaintiff with their Answer. This will allow Plaintiff a period of time to conduct discovery into the identity of Defendant Doe, and the Court expects that Defendants and their counsel will cooperatively participate in discovery to expedite the effort to identify Defendant Doe. However, Plaintiff must initiate this discovery effort. Failure to identify the proper Defendant at the end of the fifty-five (55) day period will result in dismissal of Plaintiff's claims against Defendant Doe.

whether Defendant Staten "delay[ed] necessary treatment for non-medical reasons," at this stage, Plaintiff alleges sufficient facts to support a claim that Defendant Staten "knowingly interfere[d] with a physician's prescribed course of treatment." Bingham, 654 F.3d at 1176.

Accordingly, Plaintiff's claims for deliberate indifference to medical needs against Defendant Staten in his individual capacity shall proceed.

## V. Leave to Appeal *in Forma Pauperis*

Should the Court accept my recommendation to dismiss Defendants Anderson, Transform Health, and Oglesby, the Court should also deny Plaintiff leave to appeal *in forma pauperis* as to those Defendants.[5] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

[5] A certificate of appealability is not required in this Section 1983 action.

Based on the above analysis of Plaintiff's claims against Defendants Anderson, Transform Health, and Oglesby, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal as to those Defendants.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** that the Court **DISMISS** Plaintiff's claims for monetary damages against Defendant Staten in his official capacity and all claims against Defendants Anderson, Oglesby, and Transform Health. Additionally, the Court should **DENY** Plaintiff leave to appeal *in forma pauperis* as to his claims against Defendants Anderson, Oglesby, and Transform Health.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A

party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

## REMAINING CLAIMS AND DEFENDANTS

As stated above, Plaintiff's Complaint arguably states colorable claims against Defendants Staten, Pope, and Doe for deliberate indifference to medical needs. Consequently, a copy of Plaintiff's Complaint and supporting Brief, (docs. 1, 2), and a copy of this Order shall be served upon these Defendants by the United States Marshal without prepayment of cost. The Court also provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.

## INSTRUCTIONS TO DEFENDANTS

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the defendant by first-class mail and request that the defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local R. 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendants are hereby granted leave of court to take the deposition of Plaintiff upon oral examination. Fed. R. Civ. P. 30(a). Defendants are further advised that the Court's standard 140-day discovery period will commence upon the filing of the last answer. Local R. 26.1. Defendants shall ensure that all discovery, including Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As Plaintiff will likely not be in attendance for such a deposition, Defendants shall notify Plaintiff of the deposition and advise him that he may serve on Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

## INSTRUCTIONS TO PLAINTIFF

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or their counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

<u>Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action. Local R. 11.1. Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.</u>

Plaintiff also has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally, Fed. R. Civ. P. 26, *et seq*. The discovery period in this case will expire 140 days after the filing of the last answer. Local R. 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Local R. 26.1. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as a defendant. Interrogatories are not to contain more than twenty-five (25) questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact counsel for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(2)(A); Local R. 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the**

**collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendants. Upon no less than five (5) days' notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

### ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendants'

motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local R. 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendants file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should Defendants' motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest Defendants' statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 5th day of February, 2018.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA