IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

By cashell at 2:40 pm, Dec 03, 2019

| | |
|---|---|
| OLAUDAH MCKENZIE,<br><br>             Plaintiff,<br><br>      v.<br><br>CAPT. JOHN STATEN; NURSE JANE DOE; and DR. POPE,<br><br>             Defendants. | CIVIL ACTION NO.: 6:17-cv-83 |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The Court addresses this matter, arising from Plaintiff's 42 U.S.C. § 1983 Complaint, *sua sponte*. For the reasons stated below, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's claims for monetary damages against Defendant Doe.[1]

**BACKGROUND**[2]

Plaintiff, who is currently incarcerated at the Federal Correctional Institution in Pollock, Louisiana, filed a cause of action under 42 U.S.C. § 1983 concerning certain events that occurred

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A magistrate judge's report and recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be *sua sponte* dismissed). This Report and Recommendation constitutes fair notice to Plaintiff that his claims against Defendant Doe are due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1).

[2] During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

while he was housed at the Bulloch County Jail in Statesboro, Georgia.  Doc. 1.  Following frivolity review, a non-frivolous claim for deliberate indifference to medical needs remained pending against Defendants Staten, Pope, and Doe in their individual capacities.  Doc. 8 at 14; Doc. 13.  Thereafter, the Court directed the United States Marshal to serve Plaintiff's Complaint on those Defendants.  Doc. 8 at 14.  The Court also ordered Plaintiff to amend his complaint to properly identify Defendant Doe "**no later than [55] days** after the date that the last Defendant serves Plaintiff with their answer."  Id. at 11 n.4 (emphasis in original).  The Court granted this time to allow Plaintiff to engage in discovery to ascertain the identity of Defendant Doe but warned that "[f]ailure to identify the proper Defendant at the end of the fifty-five (55) day period will result in dismissal of Plaintiff's claims against Defendant Doe."  Id.

To date, no Defendant has filed an answer.  Defendant Staten executed a waiver of service, and Defendants Pope and Doe could not be located or served.  Docs. 14, 15, 16.  On June 12, 2019, the Court ordered Plaintiff to "file a 'Notice' within 45 days . . . providing information sufficient to allow the Marshal to locate and serve Defendants Pope and Doe."  Doc. 18 at 3.  For the second time, the Court warned that, "[i]f Plaintiff is unable to provide more information regarding the identity of Defendant Doe and the location of Defendant Pope, the Court will dismiss Plaintiff's claims against these Defendants without prejudice."  Id.  Plaintiff's deadline has come and gone, yet Plaintiff has filed nothing with the Court.  Despite Plaintiff's inaction, the Marshal has located and will serve Defendant Pope, so Plaintiff's claim may proceed as to that Defendant at this time.  Nonetheless, the Court must now determine how to address Plaintiff's failure to comply with this Court's Orders concerning Defendant Doe.

**DISCUSSION**

**I.      Dismissal for Failure to Follow this Court's Orders**

A district court may dismiss claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962); Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). "A district court may *sua sponte* dismiss an action under [Rule] 41(b) for failing to comply with a court order." Muhammad v. Muhammad, 561 F. App'x 834, 836 (11th Cir. 2014); see also Fed. R. Civ. P. 41(b); Forde v. Miami Fed. Dep't of Corr., 578 F. App'x 877, 879 (11th Cir. 2014) ("The Federal Rules of Civil Procedure allow a district court to dismiss a plaintiff's action for failure to comply with the Rules or any court order."); Coleman, 433 F. App'x at 718; Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order." (citing Fed. R. Civ. P. 41(b))); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action . . . with or without prejudice . . . [based on w]illful disobedience or neglect of any order of the Court[.]")

A district court's "power to dismiss an action is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown, 205 F. App'x at 802 (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)). Notably, "the court [is] entitled to consider . . . the long pattern of conduct which amounted to . . . several failures by plaintiffs to obey court rules and orders." Jones v. Graham, 709 F.2d 1457, 1462 (11th Cir. 1983); Brown, 205 F. App'x at 802–03 (finding no error in dismissing without prejudice for failure to comply with a court order when plaintiff was warned that failure to comply with the

3

order would result in dismissal and was "given two opportunities to amend his complaint according to the court's specific instructions" but "failed to do so"). Moreover, "[d]ismissal pursuant to Rule 41(b) 'upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.'" Brown, 205 F. App'x at 802 (quoting Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. The Court provided Plaintiff with instructions to file an Amended Complaint. Doc. 8. After Plaintiff did not respond to those instructions, the Court ordered Plaintiff to merely provide more information so as to help the Marshals identify Defendant Doe. Doc. 18. Still, Plaintiff ignored the Court. See Muhammad, 561 F. App'x at 836 ("[S]ince the district court warned [plaintiff] that his suit would be dismissed if he did not correct the complaint, and provided ample instructions on how to craft a proper pleading during this case and his previous two, it did not abuse its discretion in dismissing the case without prejudice."). Twice, the Court has warned Plaintiff that failure to comply with the Court's directive may result in dismissal of his case. Docs. 8, 18. Plaintiff has repeatedly failed to follow the Court's clear and direct instructions. Therefore, Plaintiff's claims against Defendant Doe should be dismissed without prejudice for failure to comply with the Court's Orders.

## II.     **Leave to Appeal** *in Forma Pauperis*

If the Court adopt my recommendation, the Court should also deny Plaintiff leave to appeal *in forma pauperis* as to his claims against Defendant Doe. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

4

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's claim for monetary damages against Defendant Doe. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal as to his claims against Defendant Doe.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later

challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 3rd day of December, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA